1

**GUGLIELMO & ASSOCIATES**

2  Lynsey A. Williams, Esq.
Nevada Bar No. 12302

3  415 South Sixth Street, Suite 200 K

4  Las Vegas, NV  89101
(702) 889-6009

5  LWilliams@guglielmolaw.com
*Attorney for Defendant*

6

7  **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

8

9  NATALIE MOYE, individually and on            )

10  behalf of all others similarly situated,      )   Case No.: 2:14-CV-01353-JCM-(CWH)
                                                )

11            Plaintiff,                          )   **MOTION TO DISMISS/MOTION FOR**
                                                )   **JUDGMENT ON THE PLEADINGS**

12      v.                                        )
                                                )

13  Guglielmo & Associates, PLLC                  )
                                                )

14            Defendant(s).                       )
                                                )

15  _____)

16

17      Defendant, Guglielmo & Associates, PLLC, moves pursuant to FRCP 12(b)(6) and (c) for

18  Dismissal of Plaintiff's Amended Complaint in this matter, or, in the alternative, moves for a

19  Judgment on the Pleadings. The following Memorandum of Points and Authorities support this

20  Motion. Wherefore the Plaintiff's Amended Complaint should be dismissed with prejudice in its

21  entirety.

22      DATED this 16th day of September, 2014.

23

24                                          GUGLIELMO & ASSOCIATES

25                                          /s/ Lynsey A. Williams
                                           _____

26                                          Lynsey A. Williams Esq.
                                           Nevada Bar No. 12302

27                                          415 South Sixth Street, Suite 200 K
                                           Las Vegas NV 89101

28                                          (702)889-6009 x 202
                                           Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant previously filed a Motion to Dismiss Plaintiff's Complaint. In lieu of responding, Plaintiff apparently recognized the lack of merit and factual basis in her first Complaint and instead filed an Amended Complaint with completely new allegations. In her Amended Complaint Plaintiff dropped her original theories. Plaintiff now alleges different facts, and completely new theories.

Rather than good faith factual investigation grounded in sound law, Plaintiff appears to simply throw up whatever contorted theory can be manufactured under the FDCPA, no matter how tenuous the basis, to leverage some form of monetary payment. This shotgun approach is evidenced by the fact that Plaintiff and her counsel filed no less than six separate class action FDCPA lawsuits against five separate defendants in a span of only two business days. (See attached list of other pending class action cases).

Nevertheless, Plaintiff's newly manufactured theories also fail as a matter of law and the Amended Complaint must be dismissed. Defendant addresses each below.

### LEGAL ANALYSIS

Where a plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of a Motion to Dismiss, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (Court may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic"); *Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a

motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

Plaintiff's Amended Complaint contains multiple counts. The basis for all counts stem from two factual theories arising from the settlement letter dated January 28 2014, and received by Plaintiff January 31, 2014: (1) that settlement offers of $6404.67 due by 2/28/2014 or $7569.67 due by 3/31/2014 is a demand for payment for more than the balance and (2) that informing "This settlement offer includes a reduction in the outstanding balance due but does not include any court costs which may be awarded by the court from the date of this letter" is "deceptive, misleading and unconscionable." Plaintiff's new theories also fail as a matter of law, and Defendant is entitled to judgment as a matter of law. Defendant addresses each in turn.

## FDCPA

The FDCPA was passed in response to "collection abuses such as use of 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.'" *Kropelnicki v. Siegel*, the Second Circuit 290 F.3d 118,127 (2d Cir. 2002) (quoting S. Rep. No. 95-382, at 2 (1977)). None of the alleged conduct falls within the expressed purpose of the statute.

15 U.S.C. § 1692e provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

1  **PLAINTIFF'S MISREPRESENTATION THEORIES FAIL AS A MATTER OF LAW**

2

3      **1. Settlement Offers**

4      Defendant's settlement letter provided two settlement options: a settlement of $6,404.67

5  due by February 28, 2014 or, alternatively, a settlement of $7,569.15 due by March 31, 2014.

6  Settlement is clearly defined in the letter as "This settlement offer includes a **reduction** in the

7  outstanding balance due…"  Plaintiff constructs a nonsensical misinterpretation of the letter to

8  extract a bizarre assertion that the letter represents that the two settlement options are to be added

9  together for a total exceeding the entire current balance due noted on the letter. Based on

10 Plaintiff's nonsensical misinterpretation, Plaintiff alleges that the letter misrepresents the amount

11 due (15 U.S.C. § 1692e), is a knowingly false representation (NRS 598.0913(15))  and is an

12 attempt to collect more than legally allowed under the FDCPA (15 U.S.C. § 1692f(1)).

13

14     Plaintiff's misinterpretation is absurd on its face. Each alternative settlement offer

15 represents "a reduction in the outstanding balance due." Adding the two settlement options

16 together is not a reduction in the balance.

17

18     In interpreting communications under the FDCPA, the majority of circuits apply a "least

19 sophisticated consumer" or "least sophisticated debtor" standard.  See *Chaudhry v. Gallerizzo*,

20 174 F.3d 394, 408 (4th Cir. 1999); *Campuzano-Burgos v. Midland Credit Mgmt. Inc.*, 550 F.3d

21 294, 298 (3d Cir. 2008); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir.

22 2009), cert. denied, 130 S. Ct. 1688 (2010); *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009),

23 cert. denied, 130 S. Ct. 1505 (2010); *Ellis v. Solomon & Solomon P.C.*, 591 F.3d 130, 132 (2d

24 Cir. 2010), cert denied 130 S. Ct. 333 (2010); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185,

25 1193 (11th Cir. 2010). The least sophisticated debtor is one of minimal sophistication—not a

26 fool.

The standard was not devised for the devious purpose of enabling a shrewd plaintiff or attorney to profit by seeing what contorted misinteprretations can be extracted against a letter. "[I]n crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir.1993). "[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id*. (internal quotation marks omitted) (citing *Johnson v. NCB Collection Services*, 799 F.Supp. 1298, 1306-07 (D.Conn.1992), and *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1411 (D.Conn.1990)). In this way, our Circuit's "least sophisticated consumer" standard is an objective analysis that seeks to protect "the naive" from abusive practices, *Id*. at 1320, while simultaneously shielding debt collectors from liability for "bizarre or idiosyncratic interpretations" of debt collection letters. *Id*.

Analyzing whether a communication violates the FDCPA under the "the 'least sophisticated consumer standard' is an issue of law for the court." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). The facts are not in dispute. The letter speaks for itself.

**2. Costs May be Awarded by the Court.**

In Plaintiff's original complaint, Plaintiff erroneously asserted that the reference to "court costs which may be awarded by the court" was improper because it implied legal action and Plaintiff falsely claimed no legal action was ever taken. Plaintiff's complaint was frivolous and verifiably false on its face. A lawsuit was filed against Plaintiff in the Eighth Judicial District Court of Nevada, Case No.: A-14-694994-C prior to the letter at issue. The Court has since entered Judgment against Plaintiff.

Because her original accusations were frivolous, Plaintiff has now replaced it with a new theory. At present, Plaintiff alleges that a reference to "court costs which may be awarded by the court" prior to completion of service of process is somehow "deceptive, misleading and unconscionable." Plaintiff is grasping at straws. The letter is completely accurate. NRS 18.020(3), provides that costs "must" be awarded to the prevailing party in an action for the recovery of more than $2,500.00. In point of record, the state court did subsequently award court costs against Plaintiff. (Copy of the State Court Judgment is attached).

Plaintiff constructs a bizarre theory that because service of process is a condition that must occur before the court will award costs, then it is a "knowingly false representation" to reference "court costs which may be awarded by the court." Defendant's new theory fails outright. There is nothing false about the statement at all. In fact, court costs were subsequently awarded against Plaintiff by the state court.

Yes, service of process or waiver of service must occur before court cost can be awarded; however, many things that must occur before court costs are awarded. For instance, a plaintiff must disclose documents, attend pre-trial hearings, prove its case through a dispositive motion or trial, etc. In the simplest circumstance, a plaintiff must file for default, and then request entry of judgment supported by evidence and an affidavit. Additional contingencies include the possibility of settlement or bankruptcy. Had the letter been sent after service, Plaintiff would be arguing that the letter was false and/or misleading because default had yet to be filed, or disclosures had yet to be exchanged, or a judgment had yet to be requested.[1] The fact that additional conditions must occur before an award of court costs does not make false the fact that court costs "may be

---

[1] Had Defendant not informed that court costs may be awarded by the court, Plaintiff would likely be arguing the letter was false or misleading for not doing so.

awarded by the court." Such was a true statement, as established by the fact the court did award court costs.

Defendant's claim fails as a matter of law. There is no good faith basis for Plaintiff's claim, and it cannot be said any person utilizing the "least sophisticated consumer standard" would interpret the word "may" as an absolute.

### 3. Court Cost in Addition to Settlement Amount

Lastly, the statement "This settlement offer includes a reduction in the outstanding balance due but does not include any court costs which may be awarded by the Court" is truthful and not deceptive. A party has the right to offer a settlement with the terms it sees fit. In this matter, Defendant, as pointed out by Plaintiff, requested that any court costs that may be awarded by the court be paid in additional the reduced principal if the court cost are awarded by the Court. Plaintiff could have accepted, rejected, or presented a counter-offer. Plaintiff could have also paid the settlement before any court costs were awarded by the court. By no means is Defendant's truthful correspondence "deceptive, misleading, and unconscionable." Again, the least sophisticated consumer standard was not devised for the devious purpose of enabling a shrewd plaintiff or attorney to profit by seeing what contorted misrepresentations can be extracted against a letter. Defendant's letter is truthful on its face. The letter made clear that the offer included a reduction in the outstanding balance only and did not include court costs which may be awarded by the court.

### PLAINTIFF'S NEVADA DECEPTIVE TRADE PRACTICES ACT CLAIM ALSO FAILS AS A MATTER OF LAW

Plaintiff also alleged redundant theories under Nevada's Deceptive Trade Practices Act (NRS Chapter 598) piggy backed on the same allegations as the above. In addition to the reasons

1 expressed above, Plaintiff's Deceptive Trade Practices (NDTPA) also fails as a matter of law for

2 additional reasons below.

3 First as noted above, Defendant's letter was truthful and not deceptive.

4

5 Additionally, NDTPA does not impose a "least sophisticated consumer" standard. Instead,

6 NDTPA requires an actual falsehood as well as the intent of "knowingly" making a false

7 statement. NRS § 598.0915 et seq.

8 Further, NDTPA does not allow for a private cause of action except for an "elderly person

9 or person with disability." NRS § 598.0977. Relief for any other person is only incidental to an

10 action brought by the district attorney under pursuant to NRS 598.0985 to 598.099. NRS §

11 598.0993. Plus such relief requires actual damages, based on actual reliance and actual causation.

12 NRS § 598.0993. Plaintiff's complaint fails on every element.

13 In addition, courts have recognized that NDTPA applies to the sale or lease of goods and

14 services. *See Taylor v Mercorp Inc.* 2012 U.S. Dist. LEXIS 135965; (September 21, 2012, );

15 *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 U.S. Dist. LEXIS 74456,

16 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... "applies only to goods and

17 services"); S*ee also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 U.S.

18 Dist. LEXIS 68172, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with

19 the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide

20 an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-

21 ECR-RAM, 2011 U.S. Dist. LEXIS 78037, 2011 WL 2923949, *2 (D. Nev. July 15, 2011) [*16]

22 (N.R.S. § 598 "does not cover a mortgage foreclosure"). Here, Plaintiff was an opposing party of

23 Defendant's client in a claim against Plaintiff. There was no, nor is there alleged, any sale or

24

25

26

27

28

1  lease or goods or services between Plaintiff and Defendants whatsoever. Accordingly for each of

2  these reasons individually, as well as those noted above Plaintiff's NDTPA claims are meritless.

3        While Plaintiff has no direct action under NRS § 598 *et seq.*, Plaintiff did additionally

4  alleged "consumer fraud" under 41.600(2)(e) which also fails as a matter of law. Under Nevada

5  law, the Plaintiff must allege and prove every element of her fraudulent misrepresentation claim:

6  (1) a false representation made by the defendant; (2) defendant's knowledge that its representation

7  was false; (3) intent to induce plaintiff to act or refrain from acting upon the misrepresentation;

8  and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmettler v. Reno*

9  *Air, Inc.*, 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998). Further, "[w]here an essential element

10  of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered

11  immaterial and summary judgment is proper." *Bulbman Inc. v Nevada Bell*, 108 Nev. 105, 111,

12  825 P.2d 588, 592. Here, not only is there no false representation or NRS § 598 violation as

13  discussed above, the other elements are absent as well. Without a false representation there can be

14  no intent. Additionally, Plaintiff has not sustained nor alleged any actual damage. Plaintiff does

15  not even allege she relied on the settlement letter at all.[2] For each of these reasons, Plaintiff's

16  claim fails as a matter of law.

### CONCLUSION

17        To find a violation of the statute here would be protecting a known defaulting debtor

18  against a compliant debt collector by a bizarre and idiosyncratic construction of a settlement

19  letter. "Consequences cannot alter statutes, but may help to fix their meaning. Statutes must be so

20  construed, if possible, that absurdity and mischief may be avoided." *In re Rouss*, 221 N.Y. 81, 91

21  (1917) (Cardozo, J.); *see also Holy Trinity Church v. United States*, 143 U.S. 457, 459 (1892) ("It

---

[2] Had she accepted the settlement offer, she would in fact have benefited by settling the case for less than the total judgment that was eventually awarded.

1   is a familiar rule that a thing may be within the letter of the statute and yet not within the statute,

2   because not within its spirit nor within the intention of its makers."). For the reasons stated above,

3   Defendant is entitled to judgment as a matter of law.

4       DATED this 16th day of September, 2014.

5

6

7                                                  GUGLIELMO & ASSOCIATES

8

                              By:    /s/ Lynsey A. Williams
9                                    Lynsey A. Williams Esq.
                                     Nevada Bar No. 12302
10                                   415 South Sixth Street, Suite 200 K
                                     Las Vegas NV 89101
11                                   (702)889-6009 x 202
                                     *Attorney for Defendant*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Guglielmo & Associates, and that on this 16th day of September 2014, I served the foregoing Motion for Sanctions by depositing a true copy thereof into the U.S. Mails, postage prepaid and addressed to the following at their last known addresses:

Danny J. Horen, Esq.
Tara Newberry, Esq.
7854 W. Sahara Avenue
Las Vegas NV 89117
*Attorneys for Plaintiff*

/s/ Jericha San Andres
Employee of Guglielmo & Associates

**EXHIBIT 1**

# Select A Case

**Natalie Moye is a party in 6 cases.**

2:14-cv-01334-APG-GWF    Moye v. National Default Servicing Corporation    filed 08/15/14

2:14-cv-01336-JCM-GWF    Moye v. Global Credit & Collection Corp.    filed 08/15/14

2:14-cv-01337-LDG-GWF    Moye v. Global Credit & Collection Corp.    filed 08/15/14

2:14-cv-01339-JAD-VCF    Moye v. Halsted Financial Services LLC    filed 08/15/14

2:14-cv-01352-MMD-GWF    Moye v. Aargon Agency Inc.    filed 08/19/14

2:14-cv-01353-JCM-CWH    Moye v. Guglielmo & Associates PLLC    filed 08/19/14

**EXHIBIT 2**

Electronically Filed
09/08/2014 11:42:33 AM

**CLERK OF THE COURT**

1  **Guglielmo & Associates, PLLC**
   Lynsey A. Williams Esq.
2  Nevada Bar No. 12302
   415 South Sixth Street, Suite 200 k
3  Las Vegas NV 89101
   (702)889-6009
4  nevada2@guglielmolaw.com
   Attorney for Plaintiff
5                        EIGHTH JUDICIAL DISTRICT COURT
6                             Clark County, Nevada
7  Discover Bank,                          Case No.: A-14-694994-C
              Plaintiff                     Dept No.: XII
8
              v.
9                                           **JUDGMENT BY DEFAULT**
   Natalie Celesti Moye & John/Jane Doe Moye
10 (If Married),
              Defendant(s)
11
12        An application having been duly made by Plaintiff for judgment against the Defendant,
13 Natalie Celesti Moye, and the default of said Defendant having been entered for failure to
14 appear, plead or answer thereto, and after having been regularly served with Summons and
15 Complaint, and it appearing that said Defendant is not in the military service of the United States
16 or infant or incompetent person, and the legal time therefore having expired, and not having been
17 extended, the Default of the said Defendant having been duly entered according to law, upon
18 application of said Plaintiff to the Clerk of the Court for the entry of judgment in accordance
19 with the prayer of the Complaint and the Affidavit of the Plaintiff on file herein, and good cause
   appearing,
20
21   ☐ Voluntary Dismissal          ☐ Summary Judgment
     ☐ Involuntary Dismissal        ☐ Stipulated Judgment
22   ☐ Stipulated Dismissal         ☒ Default Judgment
     ☐ Motion to Dismiss by Deft(s) ☐ Judgment of Arbitration
23
24                                                               RECEIVED
25        Barcode: *JD0000331804*                               AUG 22 2014
                                                                DEPARTMENT 12

          CC email to: nevada2@guglielmolaw.com

1   IT IS HEREBY ORDERED that the Plaintiff have judgment against the Defendant(s), Natalie

2   Celesti Moye, in the sum of $11644.85, together with Plaintiff's costs and disbursements in the

3   sum of $347.50.

4

5   DATED  8/27/14

6                                          _____

7                                                        JUDGE

8   Submitted By:

9   _____            8/20/14
    Original Signature                  _____
10  Lynsey A. Williams Esq.             Date
    Nevada Bar No. 12302
11  415 South Sixth Street, Suite 200 k
    Las Vegas NV 89101
12  nevada2@guglielmolaw.com
    Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

CC email to: nevada2@guglielmolaw.com